23-13226 Lonnie Dawson v. Macon SP Warden Mr. Gillespie Thank you Judge Jordan and may it please the court Mark Gillespie on behalf of Mr. Lonnie Dawson Before you start Mr. Gillespie I know you're court appointed and we want to thank you very very much for taking on the case We appreciate your service to Mr. Dawson and to the court, we really do. Thank you The right to adjudication while competent is a core component of our due process in our criminal law That right protects defendants throughout adjudication, at trial yes, but also as far as execution as both this court and the Supreme Court's decisions attest In order to make sure that defendants can actually gain the benefits of that right This court has also held time after time and over decades of precedent That a federal habeas claim that the right to competence has been violated cannot be procedurally defaulted Mr. Dawson has brought such a claim in this case He says that he was incompetent throughout his entire appeal as of right That claim is not subject to procedural default for three reasons Has any court recognized that right of competency? Your Honor, are you asking about the procedural default question? No, no, no, not that question The right to counsel The right to competency during direct appeal Forget whether any court has said yes, has any court addressed whether or not you have a right to be competent during your direct appeal? So as the district court noted, Judge Totenberg said there is no direct case law that she or that we could find That specifically states this right exists However, Judge Totenberg also cited this court's decision in the Dorman case And in that case, the court presupposed that such a right existed Right, but even if we presuppose that the right exists, okay, let's assume that we presuppose it Right Don't we then still have to do a Teague analysis? I don't think so, Your Honor, because under Teague, the only time that such an analysis is necessary is when there is a new rule of law And the test for that is when a rule breaks new ground or imposes a new obligation on the government But not if the result in the case is, quote, dictated by precedent existing at the time the defendant's conviction became final But again, since there is no case law on point that gives this, that goes to this constitutional right of competency on direct appeal Then it would be a new right, now the issue is whether it would be retroactive or not Well, we argue that it is not a new right, and that's because it's been long established that this right exists at trial And that it exists after trial as far as execution And this court recognized that in Weeks v. Jones It talked about how it quoted the classic Blackstone formulation that is in the briefing and also in the Supreme Court's case law on the subject Saying that a defendant must be competent leading up to trial, during trial, after trial, at sentencing, and even further To be clear, Weeks did explain that there is no uniform understanding of the rationale beneath this rule But it acknowledged that the rule does exist, both at trial and after trial Can you tell me how, I've thought about this since we got the briefs in the case And I want to get your help and see if you can aid me Let's assume you're right, that there is this right to competency during direct appeal Let's assume that it is not subject to procedural default How does the exercise of that right play out in practice? So, you would think that if there's no procedural default Either the lawyer on state post-conviction or the petitioner himself, if he's regained competency Or in federal habeas, would raise this sort of claim, right? Yes, Your Honor But, it's not a claim that he was incompetent during trial So a new trial is not the remedy for this particular right, correct? That's correct So what happens? He gets a do-over of the state appellate process? The question of remedy has not been briefed at the District Court and I do think it would be helpful No, I know, I'm just trying to, and I know we don't have it before, so I'm just trying to think out Oh, of course How does this play out in real life? So, based on this record and understanding of the right as we see it I think that the most, the way that it would work is that this court would issue a conditional writ Which is a very classic habeas remedy That would instruct the state courts to remedy the constitutional violation In this case Well, first we'd have to find some, either us or the District Court would have to find that he was actually incompetent Oh, yes Because all we have now in this limited record are counsel's representations of how he found Mr. Dawson to be During interactions on direct appeal, right? That's correct, and I did not mean to imply that Mr. Dawson would be relieved of that burden Before the District Court, he would need to show evidence that he was in fact incompetent during the period that he claims And assuming that his petition is found to be meritorious and that he was incompetent during, throughout his entire appeal Which was less than a year in duration Then I think that the proper remedy would be a conditional writ Saying, just as we say, sometimes it's not necessary to go through a whole retrial There just needs to be a new sentencing Because the sentence was, the sentence was the issue that violated the constitutional rights In this case it would be an appeal that plowed forward without the defendant being competent And so it would be an order to the state courts saying You do not have to release him so long as you give him an opportunity to have his constitutionally protected right to appeal But can I ask you a question? And again, let's assume that I agree that there's a We're assuming that there's a constitutional right, okay, to the claim But like when you look at this opinion from our court, Knight v. Florida Department of Corrections Which is a 2019 case They talk about where we find a new rule of constitutional law that didn't exist before And we specifically say that Prisoners will not be able to secure federal habeas relief based on a new constitutional rule Even when that rule runs in their favor This is but for a recognition that the purpose of federal habeas corpus Is to ensure that state convictions comply with the federal law in existence at the time the conviction became final And not to provide a mechanism for the continuing reexamination of final judgments based upon later emerging legal doctrine So, I mean, how would we then, wouldn't that go contrary if we found that he was There's a new constitutional rule that he was not competent But then to overturn the state court appeal seems to be contrary to the purpose of federal habeas Well, Your Honor, if you did in fact find that it was a new rule that no existing law bore on it Then I think you're right But that's exactly why our argument from the beginning has been that this is not a new rule But rather just an application of an existing rule I think it would be one thing if the only time that incompetence has ever been discussed Or holdings about it have ever occurred are in the trial context And it is true that the vast majority of those holdings are in the trial context But again, I think that the execution point is very helpful to us And not only that, but just the general, I would say, dicta in some cases But in other cases it seems necessary to the holdings Such as in weeks where they use it to justify the execution context This idea that competence is required throughout the entire process is not new This is not, this may be a case that this court has not directly made a holding on before But the idea that competence is an important part of due process throughout the entire criminal proceeding is not new And I think that's exactly why the Supreme Court has made clear That certain protections of due process are not actually, do not attach When there is a habeas, whether state or federal, case like this That due process does not require so much for these collateral proceedings That are not part of this ultimate adjudication of innocence or guilt But because it is that process of adjudication Well, I'll give you an example So like rules that were announced in Crawford and Batson That go to fundamental rights under the Constitution Those were deemed not to satisfy the watershed rules And that was deemed not to be retroactive Well, I understand that And we do understand that the watershed exception is essentially moribund As the Supreme Court has said We are not going to argue that this falls within that exception I think in order to prevail, we have to show that TD does not apply in the first instance And for there, I would point you to cases like Espy v. Massick 443 F. 3rd 1362 Or Glock v. Singletary 65 F. 3rd 878 Those are cases in which this court considered arguments and said These may be new applications in some sense But they cannot be said to be new rules I believe, though I apologize I'm not 100% sure that Crawford was the right issue there You can understand how the right to confrontation might take different forms at different times But the fact that it exists and that defendants can rely upon it Was not new law for the purposes of TD The appellate counsel can prepare a brief without a competent client The issues on appeal are almost always entirely legal That is true, Your Honor, as well That clients are not generally the ones writing their own appellate briefs The reason why we think that that is irrelevant here Perhaps irrelevant is the wrong word It is irrelevant to the question of procedural default It is a question on the merits of what processes do But it doesn't go to whether due process attaches to the proceedings We do not intend to argue that the client needs to have All of the same involvement on appeal that he does at trial I think that it's self-evident that at trial There are certain protections not only explicitly outlined in the Constitution Like confrontation and the right to testify if he so chooses That don't apply on appeal But also that trial is a much more factual, visceral stage of the adjudication With that being said, I do think that appeal is part of that Is an integral part of the system for finally adjudicating the guilt or innocence of a defendant And that's from Ryan v. Gonzalez, the case that held that Collateral proceedings are not part of that integral process According to the very sparse record we have here Is there anything that even suggests when Mr. Dawson Regained the competency that he had lost At some, purportedly lost at some point during the direct appeal So, Your Honor, that was also an important question that I had And combing through the record, I did not find anything that could definitively resolve that I understand that this is not in the record But I did speak to my client And before I could even ask him that question I just asked him to describe what his process has been He claimed that he does not remember much from that period of time And that it took about five years for him to receive treatment For the issues that caused him to be incompetent I can tell you that the direct appeal was decided in November 2016 And the state habeas case was filed in 2017 That's less than a year later And that it was decided in 2020 So, if he is telling the truth And perhaps that once he did receive medical treatment He may have records of that Then it all fell within that window Does it matter for procedural default purposes whether or not The person at issue has regained competency at the time That he or she could have raised an appellate competency claim? Under the current precedent that this court has Cases like Adams and Lawrence and Horace That has never been considered an essential part of the analysis This court has never even mentioned it And so for that reason I would say legally it is not However, I understand that the point of procedural default And the exception here, as the underlying cases make clear Is it exists because sometimes incompetence prevents the defendant From bringing the claim And so it stands to reason that the court may believe That that exception extends only so far As the defendant's incompetence extends If that's what the court thinks Then I think it would be reasonable to have some sort of Plausibility standard looking at a timeline and saying You had 15 years to bring this Versus in this case his direct appeal was only one year And then the next, the state post-conviction proceedings The brief was filed less than a year after that I think there could be room, if the court wants For that sort of plausibility analysis It sort of accords with the Twombly-Iqbal Rule 8 standard In an ordinary civil case But the facts of this case show that it is not one in which It's, if the allegations are true As they must be at this stage taken to be Then I don't think this is the case to say Well, ordinarily, yes, but we think he may have been competent All right, thank you very much Thank you Mr. Bergethon Thank you, Your Honors There are any number of serious problems with this habeas petition But I want to start with one that Your Honors have already touched on This morning, and that's fatigue problem And I think my friend has already Essentially answered that question for you by saying There is no case on this And the district court itself said I am unable to find anything on this And they have sort of suggested Both in briefs and in argument that fatigue is somehow not at issue Of course it's at issue, because fatigue is all about The constitutional ground for relief That would ultimately resolve the habeas petition And here, that would be a court saying that you do have this right To appellate competence What he's saying is, as I heard him, is that Yes, you have to do a fatigue analysis But there's no retroactivity problem under fatigue Because this is not a new rule That's the argument I'm not saying that argument is right or wrong But that's the argument That this is, in their view, an extension of the traditional rule That you are, that you have a right To be competent during your trial And at the back end, that you can't be executed Put to death unless you are competent And so from those two, they say Application of the competency standard To the direct appeal process Is just an application of a settled standard So that's their view of how Teague plays into this thing It's procedural and not substantive Well, because it is procedural It would be covered by Teague What they're saying is, there's two issues here One is the procedural default question That's not what we're looking at with the Teague analysis Even if we did, it would have to be a question That's so beyond, so settled That, as the court said at night The case that Judge Legola discussed That no reasonable jurist could disagree That could not be further from the truth here Because we have, as counsel admits And they have not tried to brief otherwise There is nothing from this court The U.S. Supreme Court, saying that there is this right In fact, the closest case to this Is Ryan v. Gonzalez, which says that in post-conviction review There is no right to competence And all of that logic from Gonzalez Is just on all fours with the right to appeal Your Honor's briefly touched on it Just the fact that appeal is a lawyer-driven process You're operating from a fixed record And it's up to the lawyers to raise legal error Also, I'd note, the right to competency Is a closely related corollary To the right to participation And the Supreme Court has made clear that that right To participation does not extend to appeal It said that in Martinez. It said that elsewhere So, logically, it makes no sense To extend that That's not completely, and what I'm going to say now Doesn't completely cut in Mr. Dawson's favor But, for example There is an aspect of direct appeal In which the person does have a right to direct What happens? If a criminal defendant tells his or her lawyer I don't want you to appeal Don't file a notice of appeal That governs, right? I think that's right That's not their case Because they wanted to appeal And assert claims But it's not like the criminal defendant is completely Knocked out of the appellate process Even after a notice of appeal is filed A criminal defendant who is competent can tell his lawyer I've changed my mind. Dismiss the appeal I don't want to go forward, right? That's right. I'm not sure if I'd categorize that Under what we traditionally understand as the appeal, right? But it just doesn't matter Number one, that's not what's at issue here Number two, even if you disagree with me And I can talk at length about this Because I think it's clear there just is no appellate right to counsel There just can be no dispute that it's a new rule An appellate right to counsel? I'm sorry, a right to competency Not trying to trailblaze here A right to competency And I think Knight, again, is helpful Because it talks about the way that courts have to look at this And it says that you can't just Extrapolate from a general principle Which is, at best, what Dawson is asking you to do Knight says That the prior precedent must be specific And it's not enough that it names a general principle It's not even enough that it's controlling It has to be so on point that no reasonable jurist Could disagree And I know, Judge Jordan, you said in the last case That litigants all the time say this is a simple issue Everyone thinks it's simple The Teague issue here is objectively insurmountable for them And they've not even tried to argue otherwise There's no dispute that this would be a new rule And I think the court has to consider that Because, again, they've argued that the court is We don't have to consider that Because there are different ways to resolve this case Right? The COA was granted on whether or not Procedural default applies To this sort of a claim And so you can, I think Decide the procedural default issue For example, in your favor Without addressing Whether or not such a right exists Or whether or not such a right, if it exists Can be applied retroactively to individuals on collateral review Absolutely, Your Honor But the reason that I would urge the court to take this up Number one, just on a technical point The COA did contemplate the underlying Constitutional issue. It said that The certificate is granted with respect to the claim that he was Incompetent to appeal and his assertion That it can't be procedurally defaulted That doesn't even matter, though Your Honor, because, again Teague bars habeas review When the ultimate resolution of the case would be The application of a new constitutional rule But there are other problems here. Number one Glaringly, Dawson didn't raise this below He didn't even come close And this isn't a case where you've got a habeas petitioner Just turning in a wall of text that the court has to decipher He did a very good job And he was clear about his claims And his claim was that appellate counsel Was ineffective for failing to raise That he was insane when he committed the crime And that is fundamentally different From incompetence to appeal And so when he was If there were any doubt on that In his objections to the magistrate's R&R He raised Aki versus Oklahoma And I apologize if I'm mispronouncing that Which is a case about insanity At trial and whether litigants are entitled To a psychiatrist. He left no doubt on this So the district court Respectfully, and for lack of a better description Just made this claim up. So that's another basis And we would encourage, for the reasons that Your Honors were discussing During my friend's argument So you think that even liberally construed The most that can be made out of his Filings is a claim of insanity At the time of the offense? Well, he was claiming that his appellate counsel was ineffective For not raising the insanity defense So the claim that he was insane At the time of the offense And the lawyer was purportedly ineffective For not raising that during trial and on direct appeal Yes, and again Courts construe pro se petitions liberally We're not pushing back on this There's just no way to construe this otherwise Because Mr. Dawson did a very good job He was very specific about this And so there's a fundamental difference between I can't be guilty because I was insane And I can't defend myself Because I'm incompetent There's no way to read it that way So those are two grounds that the court could resolve this And we would encourage the court to, for the reasons that you've already discussed It's federal state comity, finality, efficiency All of the things that habeas review is supposed to embody Those go out the window If a federal district court can say I know you didn't raise this But this could theoretically be a new issue Was there an insanity claim raised To the extent you know At trial? No, and my friend can correct me if I'm wrong But I'm not aware of that And I'm not aware of that being raised So he was, and again, he's proceeding pro se I understand that we're dealing with someone who doesn't have counsel But the way you think the claim was framed Even under a liberal reading Is that he's claiming that his lawyer was ineffective on direct appeal For not raising a claim That he was insane at the time of the offense Even though trial counsel did not raise an insanity claim That's my understanding of it And I think his citation To Aki v. Oklahoma Just reinforces that Because that is about whether or not you're entitled to a psychiatrist At trial, an indigent defendant To bolster your insanity defense So I think it is really, liberal construction or not It is just an inferential leap Of the sort that goes beyond liberal construction To turn that into an appellate competence claim So that's another ground that we would encourage the court to review on Also on the COA generally Your Honor's brought the litigant's attention to this The court has addressed the whole COA issue In Bilotti where it said The case that you asked us to be prepared to talk about Certificates of appealability limit the petitioner They don't limit the court The court can resolve the case on any grounds that it sees fit We certainly have the authority to do that But we also have cases in which Some of our colleagues on this court have Written against Doing something like that and hewing very closely To the issues in the COA I get your point that the COA here Addresses not only the procedural default issue But the substantive claim of competency I get that but I think If you talk to judges on this court You'd get a mixed perspective on whether or not It's not a thing of authority and power But whether it's a good idea to go beyond the COA's terms And decide interrelated issues For sure Different parties are going to be Feeling differently If a court goes beyond the COA It's like Roscoe Pound said If your ox is the one who's gored Then you're going to feel the court did something really wrong by going beyond the COA For sure And I think that logic Courts almost never go wrong when they take a minimalist approach And I think probably in the mine run of cases Approaching a COA that's the way to go This case is different for two reasons Number one, the COA does cover this But number two, this is already a case Where the state now is having to defend a claim That the habeas petitioner didn't make And it's also a case where there's an issue That is just as clear cut a legal issue As the court will see It is objectively insurmountable for Dawson So to send, to just narrowly address the COA The court could The court could say no, the Adams rule Doesn't extend to appeals But we think there are definitely grounds for the court And would encourage the court to do so To say there's no sense in taking this further Because remand on Teague wouldn't accomplish anything Because the district court has already done the Teague analysis It just didn't label it as such It said there are no cases on that That concludes the Teague analysis So remand essentially would be Just a pointless exercise on that There are several other points On which this petition fails And I'm happy to address your Honour's concerns about any of them But if your Honour's You've got about a couple of minutes left So if you want to try to touch some of them you can If not you can wrap up Sure, your Honour One last brief point on extending Adams To appellate competency For purposes of procedural default Adams we think was wrongly decided But understand how prior panel precedent works We would be arguing that Adams was Overruled by the Supreme Court In Coleman and it was also Superseded by AEDPA because AEDPA In the age of Adams Procedural default was just sort of a prudential judicial rule That courts could apply but they made the rule themselves Then came AEDPA and says It says you have to exhaust period And the court in Coleman, the Supreme Court said You have to show cause and prejudice For any procedural default period We think that those cases Essentially invalidate Adams. The problem is that the court Since those has repeated the rule So arguably the prior panel precedent Would apply there to stop the court From saying we think that's bad law But at the very least what it suggests is that the court Shouldn't extend Adams to an entirely new context On appeal. Thank you, your Honours Thank you, your Honour. Just a couple of points In rebuttal. The first is to My colleagues argument that there is no case law On this. To that I would point you to three cases The first is Dorman, which as we said This court said on page 941 Before briefing was completed we remanded The case to the district court for the limited purpose Of determining whether Dorman wished to pursue the appeal Whether he was competent to make that decision And whether a guardian ad litem was necessary to pursue the appeal The district court then proceeded to go through And after several rounds of evaluation decided that he was Unusual for this court to have ordered that even before briefing Was finished if there was no underlying constitutional right Second, on that underlying constitutional question Well it was not a constitutional right Well this is my understanding Of that case Competence was an issue because The defendant was trying to get rid of the appeal And so you want to make sure That the person is competent to make that decision But it doesn't necessarily mean that a person Who is not making those sorts of decisions Has a constitutional right to competency during Direct appeal. Maybe I'm wrong about that Well I understood it to mean that Because Dorman was competent to proceed In the appellate court that's the only reason that they could Proceed. I mean your honor Would know better than me how courts are run Unnecessarily you'd be surprised But I took that to mean at the end of part 2 here That they would not have proceeded in any Capacity if he had not been competent I'll just briefly say that to the EDPA point This court stated I believe in Lawrence It is in the briefing that both pre and post EDPA Authority states that all States with that observation that Competency claims are not subject to procedural default And on the substance I would encourage the court to look at Weeks v. Jones which on page 1565-66 Remarks that there is a long tradition In Anglo-American law of requiring competency Not only at execution and trial but also charging Pleading and judgment all of which also have minimal participation By the defendant. If there are no further questions We would ask that Mr. Dawson not be barred By procedural default to bring this claim. Thank you Right. Thank you both very much. It's been helpful We're in recess.